UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 21-60014-Cr-ALTMAN/HUNT

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

LEVERICK JOHNSON,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

THIS CAUSE is before the undersigned on an Order of Reference (ECF No. 42) from United States District Judge Roy K. Altman, for the purpose of conducting a proceeding for acceptance of a guilty plea by Defendant Leverick Johnson in the above-referenced case. The undersigned, having conducted a Change of Plea hearing on August 2, 2021, recommends to the District Court as follows:

1. On August 2, 2021, the undersigned held a hearing to permit Defendant, Leverick Johnson, to enter a change of plea. At the outset of the hearing, the undersigned advised Defendant of his right to have these proceedings conducted by the District Judge assigned to the case. Further, Defendant was advised that the Change of Plea hearing was being conducted on an Order of Reference from the District Judge, at the request of Defendant, Defendant's attorney, and the Assistant United States Attorney assigned to this case. The undersigned further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence.

2. Defendant was advised that he did not have to permit the undersigned United

States Magistrate Judge to conduct this hearing and could request that the Change of Plea hearing be conducted only by a United States District Judge.  Defendant, Defendant's attorney, and the Assistant United States Attorney assigned to the case all agreed on the record and consented to the undersigned conducting the Change of Plea hearing.

3. Defendant appeared in open court before the undersigned, while defense counsel and Government counsel appeared by Zoom videoconference with the agreement of Defendant and with permission from the undersigned.  At some point during the proceedings, AUSA Anton lost power and therefore lost connection to Zoom. She completed the hearing via telephone, again with the consent of Defendant and his counsel.  Both parties agreed that holding the change of plea now, rather than delaying it until all could appear before the Court in person, was important because they had reached a resolution to this prosecution that they were eager to finalize, and they did not want to further delay the matter.  Accordingly, pursuant to S.D. Fla. Administrative Order 2021-51 and previous related administrative orders, the undersigned finds that Defendant's guilty plea could not be further delayed without serious harm to the interests of justice, and that the appearance of both defense and Government counsel by Zoom was done with the informed consent and agreement of Defendant.

4. The undersigned conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges and Rule 11 of the Federal Rules of Criminal Procedure.

5. The Parties have entered into a written Plea Agreement.  ECF No. 43.  The undersigned reviewed the Plea Agreement on the record and had Defendant

acknowledge that he signed and understood the Plea Agreement.  The undersigned also made certain that Defendant was aware of any applicable mandatory minimum sentences (there is a mandatory minimum 10-year sentence as to Count 1) and statutory enhancements (there are none).  Defendant was advised of the maximum sentence that could be imposed in this case pursuant to the Plea Agreement and the applicable statutes.  Defendant acknowledged that he understood the possible maximum penalties (including fines, supervised release, restitution, and special assessments) that could be imposed in this case.  The undersigned also reviewed the statutory requirement that Defendant register as a sex offender upon release from incarceration.

6.  Defendant pleaded guilty to Count 1 of the one-count Indictment, which charges him with enticing a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b).  There is no forfeiture count in the Indictment.

7.  The Plea Agreement contains a waiver of appeal, which the undersigned discussed with Defendant on the record.  Defendant acknowledged in response to the undersigned's questions that by entering into the Plea Agreement containing the appeal waiver, he was waiving or giving up all rights to appeal his conviction and any sentence imposed by the District Court in this case, including restitution, except under the limited circumstances set forth in the appeal waiver provision in the Plea Agreement.  The undersigned finds that Defendant entered into this waiver knowingly, intelligently, and voluntarily.

8.  The Parties provided a signed, agreed written factual basis for the entry of the plea (ECF No. 44), which includes all the essential elements of the crime to which Defendant is pleading guilty and any statutory sentencing enhancements and/or

aggravating factors that may be applicable. Defendant acknowledged on the record that he had read and signed the written proffer and agreed that the facts set forth in the proffer were true and accurate, and that the proffer included the essential elements of the offense to which he is pleading guilty.

9. The undersigned advised Defendant about the possible immigration and other collateral consequences of his guilty plea.

10. Defendant expressed satisfaction with his counsel's representation.

11. Based on all the foregoing and the plea colloquy, the undersigned recommends to the District Judge that Defendant, Leverick Johnson, be found to have freely and voluntarily entered his guilty plea to Count 1 of the Indictment as more particularly described herein and that he be adjudged guilty of this offense.

12. A Presentence Investigation Report (PSI) will be prepared for the District Court by the United States Probation Office. **Sentencing has been set for October 21, 2021, at 2:00 p.m. in Fort Lauderdale Courtroom 207A before the Honorable Roy K. Altman, United States District Judge.** The Parties were advised of this date and time.

Accordingly, the undersigned RECOMMENDS that Leverick Johnson's plea of guilty be accepted, that Defendant be adjudged guilty of the offense to which he has entered his plea of guilty, and that a sentencing hearing be conducted for final disposition of this matter.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Roy K. Altman, United States District Judge. Failure to file

objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice.   See 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).  **The undersigned requested that counsel promptly file a notice of non-objection if they have no objections to the Report and Recommendation.**

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 2nd day of August, 2021.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Roy K. Altman
U.S. Probation
All counsel of record